UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ARLIN D. WAGNER | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:04-CV-424 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## **MEMORANDUM OPINION**

The plaintiff Arlin D. Wagner has filed a motion for a judgment on the pleadings on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Mr. Wagner was born in 1948 and was 55 years old at the time of his administrative hearing. [Tr. 34, 68]. He completed eleventh grade and has relevant past work experience as a milk route salesman and a buttermilk machine operator. [Tr. 15, 35]. Mr. Wagner alleges he is disabled as of September 28, 2002, from anxiety, fatigue, shortness of breath, and difficulty walking. [Tr. 15]. Based upon a finding that his severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Mr. Wagner was not disabled as defined by the Social Security Act.

[Tr. 18].

At Mr. Wagner's administrative hearing held on August 10, 2004, the testimony of Mr. Wagner, medical expert Dr. Theron Blickenstaff, and vocational expert Dr. Robert Spangler was received into evidence. [Tr. 34-49]. Mr. Wagner testified that his last job was running a buttermilk machine at a dairy. [Tr. 35]. Prior to that position, he was a milk route salesman. [*Id.*]. He indicated that a lack of physical strength prevented him from working at the present time. [Tr. 36]. He also experiences anxiety attacks and tunnel vision in public situations. [Tr. 37]. Mr. Wagner testified that he drinks six to eight beers a day. [Tr. 38].

Medical expert Dr. Blickenstaff testified next. [Tr. 41-44]. The doctor indicated that the most significant physical medical problem Mr. Wagner faced was coronary artery disease, although that alone was not enough for a disability finding. [Tr. 42]. Dr. Blickenstaff believed limitations of lifting/carrying 35 pounds occasionally and 15 pounds frequently would be appropriate. [Tr. 43]. He did not see any evidence in the medical file which indicated the need for additional limitations. [*Id.*].

The last witness was vocational expert Dr. Spangler. [Tr. 44-49]. According to Dr. Spangler, Mr. Wagner's past relevant work as a milk route salesman was medium and semiskilled while his work as a buttermilk machine operator was between

2

light and medium and semiskilled. [Tr. 46-47]. The ALJ asked the vocational expert to consider a person of Mr. Wagner's age, education, and past relevant work experience who would be limited to lifting/carrying 35 pounds occasionally and 15 pounds frequently. [Tr. 47]. Dr. Spangler indicated such a person could work as an interviewer, library clerk helper, theater usher, janitor, house man, factory messenger, miscellaneous food preparer, salad bar worker, crossing guard, security guard, packaging and filling machine operator, painting and spray machine operator, and slicing and cutting machine operator. [Tr. 47-48]. If the vocational expert also applied Mr. Wagner's testimony at the hearing to such a person, there would not be any jobs he could perform. [Tr. 48].

The ALJ ruled that Mr. Wagner was not disabled because his severe impairments of coronary artery disease, a depressive disorder, an anxiety disorder, and a long history of chronic and severe alcohol abuse were not severe enough for a finding of disability. [Tr. 18]. The ALJ determined Mr. Wagner retained the residual functional capacity [RFC] to perform work-related activities that involve:

> lifting a maximum of 35 pounds occasionally and 15 pounds frequently and which can be performed with alcohol-induced depression and anxiety which results in moderate limitations in: the ability to understand, remember and carry out instructions; maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; work in coordination with or proximity to others without being distracted by them; complete a normal workday and workweek

3

> without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; accept instructions and respond appropriately to criticism from supervisors; get along with co-workers or peers without distracting them or exhibiting behavioral extremes; set realistic goals or make plans independently of others; and marked limitation in the ability to interact appropriately with the general public. [Tr. 19]

The ALJ then found that he could return to his past relevant work as a milk route salesman and buttermilk machine operator. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Wagner requests a judgment on the pleadings and challenges the ALJ's finding that he could return to his past relevant work as a milk route salesman and buttermilk machine operator. Specifically, Mr. Wagner argues the ALJ erred by not

4

asking the vocational expert if Mr. Wagner could return to these positions. While Mr. Wagner's observation is correct, his assertion of error is not. The ALJ used the vocational expert's testimony to establish the exertional requirements of Mr. Wagner's past positions, which he found to involve lifting/carrying a maximum of 20 pounds occasionally and 10 pounds frequently (milk route salesman) and a maximum of 25 pounds per shift (buttermilk machine operator). [Tr. 45-47]. The ALJ was not then required to ask the vocational expert if Mr. Wagner could perform his past relevant work. This court knows of no such law, regulation, or rule stating such a requirement, and Mr. Wagner has not identified one either. As such, the ALJ did not err in his failure to ask the vocational expert if Mr. Wagner could perform his past relevant work.

    Mr. Wagner also claims the ALJ erred in finding that he would not have any mental impairments but for his substance abuse. According to the ALJ, Mr. Wagner's "mental restrictions are related entirely to his chronic and continuing severe alcohol abuse." [Tr. 19]. The ALJ noted that Mr. Wagner alleged "significant problems with anxiety and depression" yet the medical record does not "document any treatment by a mental health professional." [Tr. 17]. Instead, he was treated with medications from his primary care physician, which he did not always take as prescribed. [*Id*.]. A November 2003 consultative examination of Mr. Wagner found

5

he had alcohol dependence. [Tr. 18]. A RFC assessment from December 2003 found he had problems with alcohol and that he was "not capable per continued alcohol abuse." [Tr. 18, 245]. Mr. Wagner's own testimony included evidence that he drank six to eight beers a day. [Tr. 38]. Given Mr. Wagner's lack of mental health treatment, medical opinions that he had an alcohol dependence and/or problem, and Mr. Wagner's own testimony, the ALJ's conclusion that, but for, Mr. Wagner's alcohol abuse he would not have mental health impairments was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Mr. Wagner's motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

    s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE

6